IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-04 Erie |
| ) | |
| ANTONIO M. TIRADO ) | |

## POSITION WITH RESPECT TO SENTENCING FACTORS

AND NOW, comes the defendant, Antonio M. Tirado, by his attorney, Thomas W. Patton, Assistant Federal Public Defender, and respectfully files this Position With Respect to Sentencing Factors. In support thereof Counsel states:

### I. THE GUIDELINES ARE MERELY ADVISORY

The Third Circuit Court of Appeals has remanded this case for resentencing in light of the Supreme Court's ruling in United States v. Booker, 542 U.S. ___, 125 S.Ct. 738 (2005). Under Booker, the Sentencing Guidelines are advisory, and this Court's sentence is no longer driven and controlled by the rigidity of the Sentencing Guidelines. Rather, in Booker's wake this Court must impose a sentence **"sufficient, but not greater than necessary"** to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a)(1). Section 3553(a)(2) directs the Court to consider the need for the sentence imposed:

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

The Court must also consider the nature and circumstances of the offense, and the history and characteristics of the defendant, the kinds of sentences available, the sentence recommended by the sentencing guidelines, the need to avoid unwarranted disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims of the offense. 18 U.S.C. § 3553(a)(1), (3), (4),(5),(6), and (7).

In many ways, sentencing will now be harder for the Court. Under the old regime of mandatory guidelines the Court was required to impose the sentence called for by the guidelines. In this regime the Court had very little room to exercise its judgment as to the appropriate sentence. In today's sentencing world, however, the ultimate responsibility for imposing a sentence sufficient but not greater than necessary to achieve the sentencing objectives outlined in § 3553(a)(2) lies squarely with this Court. While the guidelines must be considered, in the end, it is not the Sentencing Commission that will be sentencing Mr. Tirado; it is this Court.

If this Court blindly follows the sentencing guidelines, or gives the guidelines "great weight" only to sentence outside them in extraordinary cases, it will be committing the very Sixth Amendment violation recognized by the Booker majority. The guidelines violated a defendant's Sixth Amendment right to trial by jury by requiring the sentencing judge to increase a defendant's sentence based upon facts not charged in an indictment and proven to a jury beyond a reasonable doubt. Booker, 125 S.Ct. at 749-50. The remedial majority's solution to this problem was to make the guidelines advisory. This solved the Sixth Amendment violation by removing the **requirement** that the judge impose a more severe sentence based upon facts not proven to a jury beyond a reasonable doubt. Id. at 756-57. If this Court simply applies the sentence suggested by the

guidelines without conducting its own, personal application of the factors set forth in § 3553(a)(2) then it will be violating Mr. Tirado's Sixth Amendment right to a trial by jury. In sum, Booker found the guidelines unconstitutional on their face. The Court saved the guidelines from this facial unconstitutionality by making the guidelines advisory. If this Court in practice simply continues to apply the guidelines as it has done in the past then, **as applied**, the guidelines will violate Mr. Tirado's Sixth Amendment right to trial by jury. United States v. Ranum, Case No. 04-CR-31 (E.D.Wis. 2005).[1] The guidelines **must** be advisory only. This Court can not hold allegiance to the guidelines as sound sentencing policy and blindly adhere to their suggested sentence. In Apprendi the Supreme Court noted that for Sixth Amendment purposes it was irrelevant whether a fact was called an element of the offense or a sentencing factor; what matters is the effect the finding of that fact has on the sentence. Apprendi v. New Jersey, 530 U.S. 466, 494, 120 S.Ct. 2348, 2365 (2000) ("the relevant inquiry is one not of form, but of effect"). The same is true here. Calling the guidelines advisory will not resolve the Sixth Amendment violation if the court, in effect, continues to treat the guidelines as binding.

As is explained in Ranum, in very important ways the guidelines conflict with the directives of § 3553(a). An example is § 3553(a)(1)'s directive that in imposing sentence the Court consider the "history characteristics of the defendant." The guidelines generally forbid the Court from considering, in any meaningful way, the defendant's age, U.S.S.G. § 5H1.1, his education and vocational skills, § 5H1.2, his mental and emotional condition, § 5H1.3, his physical condition including drug or alcohol dependence, § 5H1.4, his employment record, § 5H1.5, his family ties and

---

[1] This opinion does not yet appear in published format. Accordingly, a copy of the opinion is attached to this filing as Defendant's Exhibit A.

responsibilities, § 5H1.6, his socio-economic status, § 5H1.10, his civic and military contributions, § 5H1.11, and his lack of guidance as a youth, § 5H1.12. These restrictions can not be reconciled with § 3553(a)(1)'s requirement to consider the history and characteristics of the defendant. The guidelines can further contradict § 3553 by restricting a sentencing judge's ability to craft a sentence to provide the defendant with education, training, treatment or medical care in the most effective manner.

## II. THE CORRECT APPLICATION OF THE GUIDELINES IN THIS CASE.

While the Court can not uncritically sentence a defendant under the guidelines, it must consider the guidelines when imposing sentence. Accordingly, it is critical that the guidelines be properly applied in the first instance. The applicable guideline in this case is U.S.S.G. § 2K2.1. PSR ¶ 16. The base offense level in § 2K2.1 is based upon the type of weapon unlawfully possessed, and the defendant's criminal history. If the defendant has a conviction for either a crime of violence or a controlled substance offense, the base offense level is raised accordingly. The presentence report finds Mr. Tirado's base offense level to be 24 pursuant to U.S.S.G. § 2K2.1(a)(2). The base offense level of 24 is the result of a finding that Mr. Tirado committed the instant federal offense of being a prohibited person in possession of a firearm after suffering two felony convictions for either a crime of violence or a controlled substance offense. PSR ¶ 16. The convictions relied upon by the PSR to increase Mr. Tirado's base offense level is a conviction for simple assault and a conviction for possessing marijuana with intent to distribute. Because Mr. Tirado was constructively denied counsel with regard to his conviction for possessing marijuana with intent to distribute, the conviction can not be used by this Court in sentencing Mr. Tirado.

In case number 379 of 1999 in the Erie County Court of Common Pleas, Mr. Tirado was

charged with possessing marijuana, a misdemeanor, possessing marijuana with intent to deliver marijuana, a felony, resisting arrest, and escape. PSR ¶ 40. Theses charges were based upon Mr. Tirado's possession of 2.8 grams of marijuana and his resisting arrest. Id. Under Pennsylvania law, it is unlawful to possess with intent to distribute marijuana. 35 Pa.C.S. § 780-113(a)(30). Such an offense is a felony punishable by up to five years imprisonment and a $15,000 fine. 35 Pa.C.S. § 780-113(b)(f)(2). However, Pennsylvania's Controlled Substance, Drug, Device and Cosmetic Act creates a separate offense for possessing a small amount of marijuana for personal use or possession with intent to distribute a small amount of marijuana not for sale. 35 Pa.C.S. § 780-113(a)(31). Specifically, the statute states that "Notwithstanding other subsections of this section, (i) the possession of a small amount of marihuana only for personal use; (ii) the possession of a small amount of marihuana with the intent to distribute it but not to sell it; or (iii) the distribution of a small amount of marihuana but not for sale. For purposes of this section, 30 grams of marijuana or less is considered a small amount of marijuana." Id. A violation of this section is a misdemeanor punishable by up to thirty days of imprisonment and a $500 fine. 35 Pa.C.S. § 780-113(b)(g).

For reasons that cannot be explained, Mr. Tirado's counsel allowed him to plead guilty to a felony count of possession with intent to distribute 2.8 grams of marijuana when under Pennsylvania law Mr. Tirado should have been found guilty of only possessing a small amount of marijuana. 35 Pa.C.S. §§ 780-113(a)(30) & (31); 1 Pa.C.S. § 1933; Commonwealth v. Lawson, 315 Pa. Super. 84, 461 A.2d 807 (1983) (if two different statutes apply to offense the more specific must be applied in favor of the more general).[2] The factual basis for the plea clearly showed that Mr.

---

[2]Mr. Tirado also pled guilty to a reduced charge of disorderly conduct at count three of the information.

Tirado's offense was possession of a small amount of marijuana for distribution but not for sale. The factual basis for Mr. Tirado's plea to the felony count of possessing marijuana with intent to distribute was as follows:

> THE COURT: Mr. Tirado, this is the Criminal Information that's been filed in your case. It's alleged that on or about December 24th of 1998, at count two, you committed the offense of possession with intent to deliver as a felony when you did unlawfully, feloniously and knowingly, with the intent to deliver, possess marijuana, that being a Schedule I Substance. This occurring at the 2500 Block of Myrtle Street here in the City of Erie, and at that time you were not licensed or registered as is required by the Acts of Assembly of this Commonwealth.
>
> Do you understand the legal and factual basis at count two?

Defendant's Exhibit B, Change of Plea Transcript p. 10.

This factual basis, coupled with the knowledge that the amount of marijuana involved in the offense was 2.8 grams, Defendant's Exhibit C, made it clear that there was an insufficient factual basis to support the felony possession with intent to distribute charge because there was no evidence that the distribution would be for sale and that the appropriate offense of conviction was possession of a small amount of marijuana with intent to distribute but not for sale. Because defense counsel's conduct demonstrated an ignorance of the applicable law, counsel's performance must be deemed professionally deficient. See, Frey v. Fulcomer, 974 F.2d at 350, 358 (counsel performance constitutionally deficient was proceeded and argued at capital sentencing under old law that had been invalidated). Moreover, the invalid guilty plea without factual basis and rendered based on ineffective assistance of counsel, entitled Mr. Tirado to state post-conviction collateral relief under the PCRA had a timely petition been filed. See, 42 Pa.C.S. 9543 (eligibility for relief); Commonwealth v. Hines, 437 A.2d 1180 (Pa. 1981)(guilty plea is invalid when the record fails to disclose a factual basis for the crime of conviction); Commonwealth v. Flanagan, 854 A.2d 489 (Pa.

6

2004) (same); Commonwealth v. Bable, 375 A.2d 350 (Pa.Super.Ct. 1977) (same); Commonwealth v. Rosario, 613 A.2d 1244 (Pa.Super.Ct. 1992)(trial judge properly vacated guilty plea under state PCHA when there was insufficient factual basis to support plea).

Under Custis v. United States, 511 U.S. 485, 487 (1994), a defendant in a federal sentencing proceeding may collaterally attack the validity of a previous conviction used to enhance his sentence if that prior conviction was obtained in violation of the right to counsel. Mr. Tirado's conviction for possessing marijuana with intent to distribute was obtained in violation of his Sixth Amendment right to counsel, because counsel committed errors of such magnitude that Mr. Tirado was constructively denied counsel at his guilty plea.

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." United States v. Cronic, 466 U.S. 648, 653-654 (1984) (footnotes omitted). "'Assistance begins with the appointment of counsel, it does not end there. In some cases the performance of counsel may be so inadequate that . . . no assistance of counsel is provided. Clearly, in such cases, the defendant's Sixth Amendment right to "have Assistance of Counsel" is denied.'" Cronic, 477 U.S. at 654 n. 11. "[T]he core purpose of the counsel guarantee was to assure 'Assistance' at trial, when the accused was confronted with both the intricacies of the law and the advocacy of the public prosecutor. If no actual 'assistance' 'for' the accused's 'defence' is provided, then the constitutional guarantee has been violated." Cronic, 477 U.S. at 654 (citation omitted).

Further, "the accused is entitled to 'a reasonably competent attorney,' 'whose advice is within the range of competence demanded of attorneys in criminal cases.'" Cronic, 477 U.S. at 655 (citations omitted). "The right to the effective assistance of counsel is thus the right of the accused

7

to require the prosecution's case to survive the crucible of meaningful adversarial testing." Cronic, 466 U.S. at 656. "[I]f counsel entirely fails to subject the prosecution's case to meaningful adversarial testing, then there has been a denial of Sixth Amendment rights that makes the adversary process itself presumptively unreliable." Cronic, 466 U.S. at 659. In such cases, ineffectiveness of counsel is "properly presumed without inquiry into actual performance at trial." Id. at 661; Appel v. Horn, 250 F.3d 203, 213 (3d Cir. 2001).

While the majority of cases alleging inadequacy of counsel's performance are to be analyzed under the ineffective assistance of counsel standards of Strickland, three types of cases warrant a finding of constructive denial of counsel under the Cronic analysis: (1) when "the accused is denied the presence of counsel at a 'critical stage,'" (2) when counsel "'entirely fails to subject the prosecution's case to meaningful adversarial testing," and (3) "when counsel is placed in circumstances in which competent counsel very likely could not render assistance." Bell v. Cone, 535 U.S. 685, – (2002); Mitchell v. Mason, 325 F.3d 732, 742 (3d Cir. 2003). "Courts have found constructive denial of the right to counsel under Cronic where counsel offered no assistance to defendant at plea proceedings, see Childress v. Johnson, 103 F.3d 1221, 1231 (5th Cir, 1997); acted as a mere spectator at defendant's sentencing, see Tucker v. Day, 969 F.2d 155, 159 (5th Cir. 1992); failed to object to a directed verdict against defendant, see Harding v. Davis, 878 F.2d 1341, 1345 (11th cir. 1989), and deliberately stressed the brutality of his client's crime, see Osborn v. Shillinger, 861 F.2d 612, 628-29 (10th Cir. 1988)."

Mr. Tirado was an indigent defendant represented by court appointed counsel when he was unjustly convicted of possessing with intent to distribute 2.8 grams of marijuana when the factual basis for the plea clearly established that Mr. Tirado was not guilty of that offense but rather guilty

of the misdemeanor offense of possessing a small amount of marijuana for distribute but not for sale, so his Sixth Amendment right to counsel under Gideon is directly implicated. Counsel for Mr. Tirado did not act as an advocate for the defense with regard to the marijuana conviction. Mr. Tirado could not lawfully be convicted of the felony intent to deliver offense for his possession of the very small amount of marijuana, but since counsel was ignorant of the basic drug offense laws, and did not read the law regarding possession of a small amount of marijuana while representing Mr. Tirado on drug charges based upon Mr. Tirado's possession of a small amount of marijuana, he never moved for a reduction of the charge but instead had his client plead guilty to an inapplicable felony offense of which he was not guilty. Based on ignorance of the law, he counseled his client to plead guilty to an offense with no proper factual basis to support the plea . Mr. Tirado was guilty of no more than a misdemeanor small amount of marijuana offense punishable by no more than thirty days of imprisonment.

  To effectuate the accused's right to require the prosecution's case to survive the crucible meaningful adversarial testing, counsel must at the minimum ascertain whether the facts alleged by the Commonwealth satisfy the charged crime. And know the basic state drug law concerning the substance with which his client is charged. Counsel failed to do so here.  To the contrary, and despite the readily available criminal statute dealing with "small amount of marijuana" separate from other drugs such as cocaine and heroin, counsel was completely unaware of this lesser applicable offense. Because counsel thereby allowed the government to gain an unwarranted felony conviction while entirely failing to subject the charge to "meaningful adversarial testing," Mr. Tirado was constructively denied his Sixth Amendment right to counsel.

  When counsel makes an error of this magnitude, there has been a constructive denial of the

Sixth Amendment right to counsel that makes the adversary process itself presumptively unreliable, and contaminates the validity of the entire proceedings. See Cronic, 466 U.S. at 659; Appel, 250 F.3d at 217-218. Because Mr. Tirado was constructively denied counsel his conviction for possessing marijuana with intent to distribute can not be used to calculate his guideline sentence.

When the possession of marijuana with intent to distribute conviction is not taken into consideration, Mr. Tirado's base offense level becomes 20, U.S.S.G. § 2K2.1(a)(4), because Mr. Tirado's conviction for simple assault qualifies as a crime of violence. The criminal history category remains VI.. Accordingly, the proper guideline imprisonment range is 70-87 months.

### III.  THE APPROPRIATE SENTENCE IN THIS CASE.

Even if the Court finds that Mr. Tirado was not constructively denied his right to counsel with regard to his conviction for possessing marijuana with intent to distribute, the Court should exercise its discretion under Booker to impose a sentence below the 100-120 month range set forth in the PSR. This is true for two reasons. First, Mr. Tirado's conviction for possessing 2.8 grams of marijuana with intent to distribute is categorically less serious than a normal conviction for possessing a controlled substance with the intent to distribute. Second, Mr. Tirado's conviction for simple assault only counts as a crime of violence due to the peculiar way in which Pennsylvania classifies that offense. In every other jurisdiction in this circuit as well as in Ohio and New York, a conviction for simple assault is a misdemeanor conviction with a maximum sentence of one year or less which prevents the conviction from being a crime of violence as that term is defined by the guidelines.

    A.    The Marijuana Conviction.

First, even if the Court finds that Mr. Tirado was not constructively denied counsel with

regard to the marijuana conviction, it must realize that defense counsel's performance in that case was woefully inadequate. The Court should ameliorate counsel's unprofessional performance by exercising its discretion and not counting the possession of marijuana with intent to distribute as a controlled substance offense for purposes of § 2K2.1. There is good reason why Pennsylvania treats the possession of a small amount of marijuana differently than possessing either large amounts of marijuana with intent to distribute or narcotic drugs such as cocaine, crack cocaine, heroin, or methamphetamine. The offense is categorically less serious. Under the rigidity of the guidelines, with respect to Mr. Tirado's marijuana conviction, he is treated as severely as a defendant with a conviction for possessing multiple kilograms of cocaine or crack, or methamphetamine. At the risk of stating the obvious, a person in possession of 2.8 grams of marijuana can hardly be labeled a serious offender.

A major downfall of the guidelines is that in their quest for uniformity, they sometimes end up creating unexplainable disparity. Such is the case here. Mr. Tirado's marijuana conviction should in no way be treated as seriously as a drug trafficking offense that involved narcotic drugs or large amounts of marijuana. No rational system of justice could punish a person for possessing 2.8 grams of marijuana with intent to distribute with the same severity as a person who possessed 100 kilograms of marijuana with intent to distribute, yet that is what is happening in this case. This Court can use its discretion to avoid this absurd result but still remain faithful to the goals of uniformity in sentencing by using the guidelines as a true **guide**.

  B.  Mr. Tirado's Simple Assault Conviction.

The term "crime of violence" as used in U.S.S.G. § 2K2.1 is defined in § 4B1.2(a). U.S.S.G. § 2K2.1, comment. (n.1). Section 4B1.2(a) states in pertinent part: "The term 'crime of

violence' means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that – (1) has as an element the use, attempted use, or threatened use of physical force against the person of another." Mr. Tirado has a conviction for simple assault in case number 2255 of 1997 in the Erie County Court of Common Pleas. PSR ¶ 35. Because Pennsylvania grades a simple assault conviction as a misdemeanor of the second degree, 18 Pa.C.S.A. § 2701(b), and a misdemeanor of the second degree carries a maximum penalty of up to two years of imprisonment, 18 Pa.C.S.A. § 1104(2), and has as an element the use of force against the person of another, a Pennsylvania conviction for simple assault is a crime of violence for purposes of § 2K2.1(a). Pennsylvania's treatment of simple assault is wildly out of line with the other states in this circuit and the adjoining states of Ohio and New York.

In every other state in this circuit and the joining states of Ohio and New York, a simple assault offense based on identical conduct to Mr. Tirado's would have unquestionably been a misdemeanor offense that would not have qualified as a crime of violence under §2K2.1. Compare, 18 Pa.C.S. § 2701 (Pennsylvania simple assault) with 11 Del.C. §§ 611, 4206 (Delaware assault in the third degree and authorized penalty provision); N.J.S.A. 2C:12-1, 2C:1-4 (New Jersey assault and offense classification provision); 14 V.I.C. §§ 292, 299 (Virgin Island simple assault and assault & battery); McKinney's Penal Law §§ 70.15, 120.00 (New York assault and authorized sentence provision); R.C. §§ 2903.13, 2929.24 (Ohio assault and authorized sentence provision). The crime of simple assault in every other state of this district as well as the adjoining states of Ohio and New York is punishable by no more that 1 year. 11 Del.C. §§ 611, 4206; N.J.S.A. 2C:12-1, 2C:1-4; 14 V.I.C. §§ 292, 299; McKinney's Penal Law §§ 70.15, 120.00; R.C. §§ 2903.13, 2929.24. Accordingly, a conviction for simple assault in any of these jurisdictions would not meet § 2K2.1's

definition of a crime of violence and could not be used to increase the base offense level.

A central purpose behind the federal sentencing Guidelines and their policy statements is to avoid unwarranted disparity between sentences for like situated defendants who have committed identical conduct. See, e.g., 18 U.S.C. § 3553(a)("The court, in determining the particular sentence to be imposed, shall consider . . . (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"); U.S.S.G. Ch. 1 Pt. A. 3 (2002)(Two of the three objectives of the Sentencing Reform Act are "reasonable uniformity in sentencing in narrowing the wide disparity in sentences imposed for similar criminal offenses committed by similar offenders" and "proportionality in sentencing through a system that imposes appropriately different sentences for criminal conduct of different severity."); United States Sentencing Commission, <u>Fifteen Years of Guidelines Sentencing: An Assessment of How Well the Federal Criminal Justice System is Achieving the Goals of Sentencing Reform</u>, (Nov. 2004). Reliance on state oddities as determinative undermines this essential function of not just the federal Guidelines but federal sentencing as a whole.

Mr. Tirado's simple assault conviction technically meets the definition of a crime of violence because of Pennsylvania's unique penalty system. 18 Pa.C.S. § 2701(simple assault); 18 Pa.C.S. § 1104 (authorized sentences for misdemeanors). But to categorize this conviction as a crime of violence based on this state peculiarity, rather than focusing on the fact that simple assault has traditionally been a misdemeanor with a maximum punishment of one year of imprisonment and is treated as such in every other jurisdiction in this circuit and the surrounding states is contrary to an essential purpose of the Guidelines.

If Mr. Tirado was in New Jersey and committed the exact same conduct and was convicted

of the same offense, he would not have a prior conviction for a crime of violence. If he was in Delaware, that would be the same situation. If he was in New York, it would be the same situation. If he was in Ohio, it would be the same situation. Due to Pennsylvania's peculiar treatment of simple assault offenses, Mr. Tirado is treated the same as a person who has a murder, rape, or burglary conviction. All of this simply because Pennsylvania does not follow the common law distinction between a misdemeanor and felony.

Since a central goal of the guidelines is to create uniformity across state lines so that similarly situated people in different parts of the country will receive similar sentences, this Court should exercise its discretion under <u>Booker</u>, and refuse to treat Mr. Tirado's simple assault conviction as a crime of violence.

Without a conviction for either a controlled substance offense or a crime of violence, Mr. Tirado's base offense level would be 14. U.S.S.G. § 2K2.1(a)(6). An offense level of 14 combined with a criminal history category VI results in a guideline imprisonment range of 37-46 months. Mr. Tirado asks the Court to exercise its sentencing discretion and impose a sentence within this range.

WHEREFORE, defendant, Antonio M. Tirado, respectfully requests that this Honorable Court impose a sentence within the range of 37-46 months.

Respectfully submitted,

<u>/s/ Thomas W. Patton</u>
Thomas W. Patton
Assistant Federal Public Defender
PA I.D. No. 88653