1

```
1   COMMONWEALTH OF PENNSYLVANIA:  IN THE COURT OF COMMON PLEAS
2              VS              :  OF ERIE COUNTY, PENNSYLVANIA
3   ANTONIO M. TIRADO          :  CRIMINAL DIVISION
4                              :  No. 379 OF 1999
```

APR - 7 2005

PLEA

Proceedings held before the Honorable William R. Cunningham, in Courtroom D, Erie County Courthouse, Erie, Pennsylvania, on Monday, May 3, 1999, commencing at 10:08 a.m.

APPEARANCES:

Garrett Taylor, Assistant District Attorney, appearing on behalf of the Commonwealth.

James Pitonyak, Assistant Public Defender, appearing on behalf of the Defendant.

James M. Muscarella, CM -- Official Court Reporter


COPY

```
                     P R O C E E D I N G S
 1
 2
 3        (Whereupon, at 8:55 a.m., the Rights were
 4   administered by ADA Taylor en masse.)
 5
 6        MR. TAYLOR:  If I could have your attention
 7   for a moment.  When I call out your name, please
 8   indicate your presence for the court reporter.
 9        Christopher Baker?
10        MR. BAKER:  Here.
11        MR. TAYLOR:  Jeffrey Barker?
12        MR. BARKER:  Here.
13        MR. TAYLOR:  Michael Mull?  Not present.
14   Antonio Tirado?
15        MR. TIRADO:  Here.
16        MR. TAYLOR:  Brad Varner?
17        MR. VARNER:  Here.
18        MR. TAYLOR:  Marin Vasile?
19        MR. VASILE:  Here.
20        MR. TAYLOR:  Is that correct, Vasile?
21        MR. VASILE:  (Nods head).
22        MR. TAYLOR:  Antonio Werner?
23        MR. WERNER:  Here.
24        MR. TAYLOR:  Victor Lopez?
25        MR. LOPEZ:  Here.
```

1    MR. TAYLOR: Bess Brown?

2    MS. BROWN: Here.

3    MR. TAYLOR: Kenneth Henderson?

4    MR. HENDERSON: Here.

5    MR. TAYLOR: Brian Jackula?

6    MR. JACKULA: Here.

7    MR. TAYLOR: And Dennis Murray?

8    MR. MURRAY: Here.

9    MR. TAYLOR: Gentlemen, and, ma'am, my name is Garrett Taylor. Myself along with Assistant District Attorney Ken Zak, we will be handling the proceedings before Judge Cunningham this morning. For those of you who are here for the purpose of entering a plea in your case today, there are certain rights that you are giving up when you enter that plea, and I'm going to go over those rights with you at this time.

First off, you should be aware when you enter a plea of guilty what you are doing is admitting the charge as it's been filed against you and you are submitting yourself to the jurisdiction of the Court for sentencing at a later time. The primary right you are giving up when you enter today's plea is the right to a trial by jury.

Now, the right to a trial by jury includes

```
 1        participating with your attorney to select twelve
 2        members from this community to serve as jurors in
 3        your case.  As you are aware, you are presumed
 4        innocent up until the time the Commonwealth can
 5        establish your guilt beyond a reasonable doubt.  And
 6        there is no burden upon yourself to present any
 7        defense to the charges whatsoever.
 8             Furthermore, in order to find you guilty of
 9        the charges, the jury must unanimously agree twelve
10        to zero that you are, in fact, guilty of the
11        charges.  But once you enter your pleas here today,
12        you should be aware that you are forever giving up
13        that right to a trial by jury as I just explained.
14             Now, during this morning's plea colloquy I'll
15        call your case up individually before Judge
16        Cunningham, I will explain to you the legal and
17        factual basis of the charges against you as well as
18        the maximum penalties that you are facing with your
19        plea.  Furthermore, if there is a mandatory minimum
20        sentence that would apply in your case, I will
21        explain that to you as well.
22             Now, if there is a plea agreement in your
23        case, you should be aware that Judge Cunningham is
24        not bound by the terms of that plea agreement unless
25        he chooses to be bound by the terms of that
```

1   agreement, and he will announce his decision
2   following this morning's plea colloquy. If the
3   Commonwealth has agreed to make a sentencing
4   recommendation on your behalf such as no objection
5   to probation, you should be aware that Judge
6   Cunningham is never bound by the terms of that
7   sentencing recommendation. If he chooses to reject
8   it at the time of your sentencing, you do not have
9   the right to withdraw your plea at that time.
10         Now, finally, as a general rule here in Erie
11  County, the Judge who takes your plea will also be
12  the Judge who sentences you at a later time. If for
13  some reason Judge Cunningham is unavailable due to a
14  scheduling conflict or illness, your case can be
15  transferred to another Judge here in the Erie County
16  system and that would not give you the right to
17  withdraw your plea at that time.
18         Now, if you have any questions regarding the
19  rights that you are giving up when you enter today's
20  plea, you should ask those questions when your case
21  is called forward and you can either ask your
22  attorney, myself or Judge Cunningham.
23         MR. TAYLOR: Miss Brown, and, Mr. Lopez, each
24  of you is here for the purpose of being sentenced.
25  Mr. Lopez, following this morning's revocation.

1   And, Miss Brown, you are here, having entered a plea
2   of guilty in your case.
3       Now, there are certain rights that each of you
4   have following this morning's recommendation --
5   excuse me, following this sentencing this morning.
6   First rights you are going to have is the right to
7   file what is called a post sentencing motion.  A
8   post sentencing motion is a written motion, and
9   in that you are asking the Judge to grant you some
10  type of relief.
11      Now, Mr. Lopez, since you are being revoked
12  from a probation and parole sentence here today, the
13  post sentencing motions that you can file would
14  include a challenge to the validity of the
15  proceedings that bring you before the revocation
16  court as well as a motion to modify or reconsider
17  the sentence that's imposed against you.
18      Miss Brown, since you entered a plea of guilty
19  in your case, you could file post sentencing motions
20  challenging the validity of your plea of guilty, as
21  well as a motion to modify or reconsider the
22  sentence that the Judge imposes.
23      Now, for each of you these motions must be in
24  writing and they must be consolidated, and you have
25  to be very specific as to why you believe the relief

1   you are asking for should be granted.  Furthermore,
2   you would have ten days from today's date in which
3   to file that motion, and it must be filed of record
4   with the Erie County Clerk of Court's office.
5           Each of you also may appeal the sentence you
6   receive today to the Superior Court of Pennsylvania.
7   And if you want to do that, you have to file a
8   written Notice of Appeal with the Erie County Clerk
9   of Court's office.
10          Now, there are time limitations you are
11  working under if you decide to appeal your sentence
12  after today's proceeding.  If you do not file a post
13  sentencing motion as I have just outlined, you would
14  have thirty days from today's date in which to file
15  your Notice of Appeal.  If you do file post
16  sentencing motions, however, your time changes and
17  you would either have thirty days from the date that
18  the Judge decides your post sentencing motion, or if
19  for some reason Judge Cunningham did not decide your
20  post sentencing motion for a period of one hundred
21  twenty days, or four months, it is automatically
22  denied by operation of law and you have thirty days
23  from that date in which to file that Notice of
24  Appeal.
25          Each of you is also entitled to be represented

```
 1    by counsel in the filing of any post sentencing
 2    motions as well as any appeal you may decide to
 3    pursue.  If you can't afford an attorney and you
 4    meet the eligibility requirements of the Erie County
 5    Public Defender's office, an attorney would be
 6    appointed to represent you free of charge during the
 7    course of both those proceedings.
 8            If you have any questions following your
 9    sentencing today or the revocation, feel free to ask
10    your attorney, myself or the Judge when your case is
11    called forward.
12
13            (Whereupon, all the defendants were placed
14    under oath en masse.)
15
16            (Whereupon, at 9:00 a.m., the Rights were
17    concluded, and at 10:08 a.m., the Plea Colloquy of
18    Antonio Tirado commenced.)
19
20            MR. TAYLOR:  Mr. Tirado.
21            MR. PITONYAK:  Morning, Your Honor.
22            THE COURT:  Morning, Mr. Pitonyak.
23            MR. TAYLOR:  Your Honor, the next matter
24    before the Court is the plea of Antonio Tirado at
25    Docket Number 379 of 1999.
```

1            Mr. Tirado, you were in court a short time ago
2   when I explained to you the rights that you give up
3   when you enter today's plea, is that correct?
4       MR. TIRADO:   Yes.
5       MR. TAYLOR:   Do you understand those rights?
6       MR. TIRADO:   Yes.
7       MR. TAYLOR:   Do you have any questions?
8       MR. TIRADO:   No.
9       MR. TAYLOR:   This is the "Defendant's
10  Statement of Understanding of Rights Prior to a
11  Guilty Plea."  It outlines the rights that you are
12  giving up.  It also provides the maximum penalties
13  you are facing with your plea.  And at count two you
14  face a fifteen thousand dollar fine and five years
15  of incarceration.  At count three you face
16  twenty-five hundred dollars in fines and up to one
17  year of incarceration.  And the Judge could impose
18  that penalty consecutively against you, and that
19  would expose you to six years of incarceration and
20  up to seventeen thousand five hundred dollars in
21  fines.
22      Paragraph five indicates you are pleading
23  guilty to count two.  You are also pleading guilty
24  to count three as a disorderly conduct as an M3.
25  The Commonwealth has also agreed to nolle pros

1  counts one and four with costs on yourself.  Is that
2  your understanding of your plea?
3      MR. TIRADO:  Yes, sir.
4      MR. TAYLOR:  Do you have any questions?
5      MR. TIRADO:  No, sir.
6      THE COURT:  Mr. Tirado, this is the Criminal
7  Information that's been filed in your case.  It's
8  alleged that on or about December 24th of 1998, at
9  count two, you committed the offense of possession
10 with intent to deliver as a felony when you did
11 unlawfully, feloniously and knowingly, with the
12 intent to deliver, possess marijuana, that being a
13 Schedule I Substance.  This occurring at the 2500
14 Block of Myrtle Street here in the City of Erie, and
15 at that time you were not licensed or registered as
16 is required by the Acts of Assembly of this
17 Commonwealth.
18     Do you understand the legal and factual basis
19 at count two?
20     MR. TIRADO:  Yes, I do.
21     MR. TAYLOR:  And how do you plead?
22     MR. TIRADO:  Guilty.
23     MR. TAYLOR:  Count three it's alleged -- Your
24 Honor, with the Court's permission, I'm going to go
25 ahead and amend that to disorderly conduct.

1     THE COURT: That's fine.
2     MR. TAYLOR: Mr. Tirado, it's alleged that on
3  or about that same date, that being December 24th of
4  1998, you committed the offense of disorderly
5  conduct as a misdemeanor of the third degree when
6  you did, with the intent to cause public
7  inconvenience, annoyance or alarm, engage in
8  fighting or threatening behavior after being told,
9  after being warned to desist in that conduct.
10 Specifically, it's alleged on or about that date you
11 did resist a lawful arrest of Officer John Popovic,
12 that occurring in the 2500 Block of Myrtle Street
13 here in the City of Erie. Do you understand the
14 legal and factual basis in support of that charge?
15    MR. TIRADO: Yes, I do.
16    MR. TAYLOR: How do you plead?
17    MR. TIRADO: Guilty.
18    MR. TAYLOR: Your Honor, permission to nolle
19 pros counts one and four?
20    THE COURT: Granted.
21    MR. TAYLOR: Sir, if it's your intent to plead
22 guilty to the charges I've outlined, please sign
23 where it says defendant.
24    (Defendant complies.)
25    THE COURT: Mr. Tirado, you understand what

```
 1      you are doing here today?
 2              MR. TIRADO:  Yes, sir.
 3              THE COURT:  Do you understand everything
 4      that's been explained to you?
 5              MR. TIRADO:  Yes, sir.
 6              THE COURT:  Do you understand these rights
 7      that are set forth on this document, this Statement
 8      of Understanding of the Rights?
 9              MR. TIRADO:  Yes, sir.
10              THE COURT:  And you can read, write and
11      understand the English language?
12              MR. TIRADO:  Yes, I can.
13              THE COURT:  And you read this document?
14              MR. TIRADO:  Yes, sir.
15              THE COURT:  And you reviewed it with your
16      counsel?
17              MR. TIRADO:  Yes, sir.
18              THE COURT:  And it sets forth the terms of the
19      plea, the terms of your plea to count two and to
20      count three.  You understand that?
21              MR. TIRADO:  Yes, sir.
22              THE COURT:  And the Commonwealth is
23      withdrawing a number of other charges and amending
24      count three.  You understand that?
25              MR. TIRADO:  Yes, sir.
```

```
 1              THE COURT:  Has there been any other promises
 2    that has led you to a plea here today?
 3              MR. TIRADO:  Excuse me?
 4              THE COURT:  Has anyone made you any other
 5    promises other than what's set forth on this
 6    document here?
 7              MR. TIRADO:  Oh, no.  No, sir.
 8              THE COURT:  That led to your plea here today?
 9              MR. TIRADO:  No, sir.
10              THE COURT:  You understand the possible
11    maximum sentence that you face?
12              MR. TIRADO:  Yes, sir.
13              THE COURT:  Do you understand these offenses?
14              MR. TIRADO:  Yes, I do.
15              THE COURT:  All right.  Do you understand the
16    legal basis for them?
17              MR. TIRADO:  Yes, I do.
18              THE COURT:  Do you understand the factual
19    basis for them?
20              MR. TIRADO:  Yes, sir, I do.
21              THE COURT:  Did you commit these offenses?
22              MR. TIRADO:  Yes, I did, sir.
23              THE COURT:  Is that why you are entering your
24    plea here today?
25              MR. TIRADO:  Yes, sir.
```

1   THE COURT: You are pleading guilty of your
2   own free will?
3   MR. TIRADO: Yes, sir.
4   THE COURT: Are you under the influence of any
5   medication or any substance that affects your
6   ability to know what you are doing here today?
7   MR. PITONYAK: Are you taking any medicine
8   today?
9   MR. TIRADO: No, sir.
10  THE COURT: You understand what you are doing
11  here today?
12  MR. TIRADO: Yes, sir, I'm pleading.
13  THE COURT: I'll accept the plea and set the
14  sentencing for June 15th at 8:45.
15  MR. PITONYAK: Okay. Thank you, Your Honor.
16
17  (Whereupon, at 10:13 a.m., the proceedings
18  were concluded.)
19
20
21
22
23
24
25

## CERTIFICATION

I hereby certify that the proceedings and evidence are contained fully and accurately in the notes taken by me on the trial of the above cause, and that this copy is a correct transcript of the same.

_____
James M. Muscarella, CM
Official Court Reporter

The foregoing record of the proceedings of the above cause is hereby approved, and directed to be filed.

_____
Hon. William R. Cunningham