IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal No. 04-4 Erie |
| | ) |
| ANTONIO TIRADO | ) |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S
POSITION WITH RESPECT TO SENTENCING FACTORS**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and files this Response to Defendant's Position with Respect to Sentencing Factors, and states as follows:

**I. THE GUIDELINES PROVIDE SOUND ADVICE
FOR THIS COURT TO CONSIDER IN IMPOSING SENTENCE**

In anticipation of his re-sentencing ordered by the Third Circuit Court of Appeals, in light of the Supreme Court's ruling in <u>United States v. Booker</u>, 125 S.Ct. 738 (2005), Tirado has challenged for the first time the calculation of his guideline sentence range and the propriety of the 120 month sentence that he previously received. Initially, Tirado advances a general argument that after <u>Booker</u>, if this Court were to impose a sentence consistent with the recommendation of the non-binding Sentencing Guidelines, then the Court would be committing the very same Sixth

Amendment violation that Booker was meant to address.  This argument is easily rejected by the Court.  There is no dispute that the Guidelines are advisory.  This Court is free to sentence the defendant, after consideration of the guidelines and other statutory factors, to any legal sentence that the Court deems just.  If this Court sees the wisdom of the sentence recommended by the expert Sentencing Commission's Guidelines, and imposes a sentence consistent with those Guidelines, the sentence imposed violates no constitutional principle.

## II.  THE COURT SHOULD NOT CONSIDER TIRADO'S COLLATERAL ATTACK ON HIS PRIOR DRUG CONVICTION

The heart of Tirado's argument, however, is not with the general notion that post-Booker, a guideline sentence is still unconstitutional, but rather, is with his claim that the calculation of his guideline sentence range was in error.  In effect, he claims that his prior drug conviction, which resulted in a guideline base offense level of 24 under U.S.S.G. section 2K2.1(a)(2), should not have been considered because his attorney was ineffective.  Tirado claims that "for reasons that cannot be explained" his attorney allowed him to plead guilty to possession with intent to distribute marijuana instead of possession of a

small amount of marijuana, which would have lessened his base offense level calculation in his federal sentencing.[1]

Although Tirado cites the United States Supreme Court opinion in Custis v. United States, 511 U.S. 485, 487 (1994), the decision in that case actually resolves the very issue he raises in favor of the government. Tirado claims that because he pleaded guilty to the possession with intent to distribute offense, his counsel must have been ineffective. Tirado then claims that since his counsel was ineffective, he was deprived of the right to counsel. He cites Custis for the proposition that if he was denied the right to counsel, he can collaterally attack the underlying conviction in this re-sentencing proceeding. Custis holds otherwise.

Darren J. Custis had challenged the validity of two Maryland convictions that were used to enhance his sentence and "[h]e argued that his lawyer for his burglary conviction rendered unconstitutionally ineffective assistance of counsel and that his guilty plea was not knowing and intelligent…" Custis, 511 U.S. at

---

[1] The government does not accept Tirado's claim of ineffective assistance of counsel. Tirado's attorney negotiated a plea which resulted in the withdrawal of a charge of escape and a charge of possession of a controlled substance. Although Tirado discusses the nuances between a charge of possession with intent to distribute marijuana and possession of a small amount of marijuana, his oversimplification of his conviction does not necessarily support his current claims. In the setting of a negotiated plea, this defendant knowingly plead guilty to possessing marijuana with intent to distribute. Tirado cannot benefit now, six and one half years later, from a claim that he intended to distribute the marijuana but did not intend to sell it. Even if the sufficiency of the prosecutors factual basis to support the plea was lacking, there is no way to attribute that to the ineffective assistance of his prior counsel.

488. The Custis court refused to equate the complete denial of the right to counsel, which would authorize a collateral attack on a prior conviction used to enhance a sentence, with a claim of the denial of effective assistance of counsel. The Court found that the denial of effective assistance of counsel does not rise "to the level of a jurisdictional defect resulting from the failure to appoint counsel at all." Id. at 496. The court specifically rejected Custis' attempt to use the federal sentencing forum to gain review of state convictions, especially in the context of an ineffective assistance of counsel claim.[2]

       Not only has the Supreme Court decided this issue in the government's favor, but the Third Circuit Court of Appeals has done so as well. In United States v. Thomas, 42 F.3d 823 (3d Cir. 1994), the Third Circuit, recognizing the decision in Custis, stated that "Custis, of course, has altered the situation with respect to challenges to prior convictions." Id. at 824. The decision in Thomas specifically applied the Custis holding to the Sentencing Guidelines[3] and abrogated the Third Circuit's earlier decision in United States v. Brown, 991 F.2d 1162 (3d Cir. 1993),

---

[2] The Court went on to discuss practical reasons for its holding, including promoting finality of judgments, ease of administration, and refusal to extend the parameters of the right to appointed counsel set forth in Gideon v. Wainwright, 372 U.S. 335 (1963). Custis, 511 U.S. at 496-497.

[3] Custis specifically dealt with a conviction used to enhance a sentence under the Armed career Criminal Act, 18 U.S.C. section 924(e). The Thomas court found no principled way to distinguish the challenge of a prior conviction used to enhance a sentence under Guidelines from a challenge of prior convictions under the ACCA. Thomas, 42 F.3d at 824.

which had given discretion to district courts to entertain constitutional challenges at sentencing to prior convictions used to enhance sentences. The court stated that "[t]he only issue before us is whether at the time of sentencing the district court may entertain constitutional challenges to underlying convictions used to enhance sentences. We conclude that, except in cases in which a conviction was obtained in violation of a defendant's right to counsel, we should follow Custis and hold such challenges are precluded in cases under section 4B1.1." Id. at 825.

In addition, as recognized in United States v. Garcia, 42 F.3d 573 (10th Cir. 1994), in the 1993 amendment to Application Note 6 of U.S.S.G. section 4A1.2, the Sentencing Commission sought to resolve any conflict in the circuits concerning the authority granted sentencing courts by the Guidelines to consider collateral attacks on prior convictions. Application Note 6 makes clear that the Guidelines do not enlarge a defendant's right to attack collaterally a prior conviction at the current sentencing proceeding beyond any right otherwise recognized by law. Application Note 6 in the 2004 edition of the Guidelines provides in pertinent part as follows:

> With respect to the current sentencing proceeding, this guideline and commentary do not confer upon the defendant any right to attack collaterally a prior conviction or sentence beyond any such rights otherwise recognized by law.

In Garcia, the Court dealt with an attempt to challenge a sentence enhancing conviction where the defendant claimed that he was denied effective assistance of counsel.  There, the Tenth Circuit stated "[t]herefore, applying Custis, we hold that with the exception of a collateral attack based upon the complete denial of counsel, a district court sentencing a defendant under the career offender Guidelines cannot consider a collateral attack on a prior conviction."  Garcia, 42 F.3d at 581.

Thus, it is clear that Tirado's attempt to collaterally attack his 1997 drug conviction in the context of this sentencing should be rejected.

### III.  A SENTENCE OF 120 MONTHS IS PROPER

If this Court rejects Tirado's collateral attack upon his prior conviction, Tirado still argues that the advisory Guidelines call for a sentence that is greater than is necessary.  Guidelines or not, Tirado previously received from this Court the sentence that he deserves.  A review of the sentencing transcript reveals that this Court did not feel compelled to impose the sentence upon Tirado out of blind adherence to the Guidelines.  Rather, the Court's comments at sentencing reflect a reasoned evaluation of all of the facts and circumstances surrounding Tirado's current offense, his vast criminal history, and his defiance of any of the government's previous attempts to rehabilitate him.  As the Court determined at the first sentencing, "I consider you to be a

particular danger to this community. The sentencing factors of punishment, deterrence, and in this case, in my view, most particularly community safety, require a high end sentence." (Sentencing Transcript, August 5, 2004, page 13).[4]

Antonio Tirado stands before this Court as a 27 year old man who has sustained seventeen prior adult and juvenile convictions. A review of Tirado's criminal history since the age of thirteen paints a disturbing picture. His track history can be summed up by a review of his performance while serving the sentence on his seventeenth conviction. The parole that Tirado violated in this federal case was actually the third parole/probation that he was afforded on his seventeenth conviction. He was first paroled after serving a year and a half in state prison. He had only been released for two months before he was returned to state custody. After serving another 6 months in state prison he was placed on probation. His probation only lasted three months before it was revoked. He spent approximately two more years in state prison before being released on parole supervision on September 15, 2003. On October 29, 2003, just 44 days after his placement on parole, he was found in possession of the firearm that resulted in his federal conviction. Tirado has shown nothing but utter contempt for the criminal justice system. Finally, it is time for him to receive, and to serve, a sentence commensurate with the dictates of justice.

---

[4] Tirado's current attempt to downplay the significance of his prior convictions should fail.

For all of the reasons set forth at the first sentencing, this Court should sentence Tirado again to a term of imprisonment of 120 months.

### IV. CONCLUSION

WHEREFORE, the government respectfully requests this Court to reject the Defendant's Position with Respect to Sentencing Factors.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney

_____

MARSHALL J. PICCININI
Assistant U.S. Attorney
PA ID No. 56362