NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-4419

UNITED STATES OF AMERICA

v.

ANTONIO M. TIRADO,

Appellant

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: 04-CR-04E
District Judge: The Honorable Sean J. McLaughlin

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 24, 2006

Before: SMITH, FISHER, and COWEN, *Circuit Judges*

(Filed: October 25, 2006)

OPINION

SMITH, *Circuit Judge*.

Antonio M. Tirado, a convicted felon, was found guilty by a jury of knowingly possessing a firearm in violation of 18 U.S.C. § 922(g)(1). He was sentenced, *inter alia*, to a term of 120 months' imprisonment. He filed a timely appeal, challenging both his

conviction and his sentence. We affirmed his conviction, but vacated his sentence and remanded for resentencing in accordance with the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005). *See United States v. Tirado*, 133 Fed. Appx. 13 (3d Cir. 2005).

On remand, the parties were again afforded an opportunity to state their positions with respect to sentencing factors. The pre-sentence report assessed Tirado's base offense level at 24 under United States Sentencing Guideline § 2K2.1(a)(2) because he had a 1999 felony conviction for possession of marijuana with intent to deliver which qualified as a controlled substance offense and a 1997 simple assault conviction which constituted a crime of violence. An offense level of 24 together with Tirado's Criminal History Category of VI yielded a sentencing range of 100-125 months. The upper limit of this range was reduced to 120 months to comply with the statutory maximum of ten years for a § 922(g)(1) offense.

Tirado objected to the offense level of 24, contending that the marijuana conviction should not have been considered in calculating his offense level because he had been denied the effective assistance of counsel. Tirado asserted that he should not have been charged with a misdemeanor offense because of the small amount of marijuana in his possession and that his state defense counsel was ineffective as he failed to challenge this aspect of the state's case. Alternatively, Tirado urged the District Court to consider these circumstances in this post-*Booker* resentencing, to look past a rigid application of the guidelines, and to impose a below guideline sentence. Additionally,

Tirado submitted that his felony assault conviction would not have qualified as a crime of violence in any other state in this circuit and that the resulting disparity between his guideline and that of defendants in other states weighed in favor of a below guideline sentence. In short, although Tirado did not explicitly argue that his criminal history overstated the seriousness of his past criminal conduct, he implicitly pressed for a below guideline sentence on this very basis.

The prosecution pressed the District Court to impose the statutory maximum of ten years. It emphasized the extensiveness of Tirado's criminal history and claimed that his past "screams out to the court that this man needs to be taken off the street."

The District Court rejected Tirado's contention that he had been constructively denied the assistance of counsel on his marijuana conviction and concluded that the offense level of 24 was correct.[1] It acknowledged that the guidelines were only advisory after the Supreme Court's decision in *Booker* and that it must consider all of the factors in 18 U.S.C. § 3553(a) to impose a sentence that is "sufficient, but not greater than necessary." The Court advised that it had "carefully considered" all of the factors set out in § 3553(a) and declared that "[a]s was true at the original sentencing," the record demonstrated a significant criminal history, consisting of 17 prior adult and juvenile convictions, Tirado's "complete lack of remorse," and his "pattern of contempt for authorities." The Court explained that the factors it found of "paramount importance" in

---

[1] Tirado does not contend that the District Court's calculation of the offense level of 24 was incorrect. Accordingly, we need not address this issue.

exercising its discretion were the protection of the public and the deterrence of future criminal conduct. The Court again imposed a sentence of 120 months of imprisonment.

This timely appeal followed.[2] Relying on *Booker*'s instruction that the guidelines are only advisory and that sentences must be reviewed for reasonableness, 543 U.S. at 261, Tirado contends that the sentence imposed by the District Court was unreasonable. He submits that resentencing is warranted because the Court failed to respond to his arguments, failed to state its reasons for the sentence imposed, gave presumptive weight to the guidelines, and imposed a sentence that was greater than necessary to meet the purposes of sentencing.

In *United States v. Cooper*, 437 F.3d 324 (3d Cir. 2006), we instructed that "[t]o determine if the court acted reasonably in imposing the resulting sentence, we must first be satisfied the court exercised its discretion by considering the relevant factors." *Id.* at 329. In other words, the "record must demonstrate the trial court gave meaningful consideration to the § 3553(a) factors." *Id.* The burden is upon the defendant to demonstrate unreasonableness. *Id.* at 332. Although we rejected the position that reasonableness may be presumed if a sentence falls within the guideline range, *id.*, we acknowledged that a within guideline sentence is more likely to be reasonable. *Id.* The reasonableness of a sentence, however, is not determined by any "magic words that a

---

[2]The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We exercise appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). *See United States v. Cooper*, 437 F.3d 324, 327-28 (3d Cir. 2006).

district judge must invoke when sentencing . . . ." *Id.* Instead, we must scrutinize the record to verify that the "court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties . . . ." *Id.*

We disagree with Tirado's contention that the District Court simply imposed the same sentence that it had pre-*Booker*, completely failed to address his arguments, and did not explain its reasons for the sentence imposed. The record demonstrates that the District Court heard lengthy arguments by counsel pertaining to whether Tirado's past convictions were more benign than they appeared in the pre-sentence report and weighed in favor of a sentence below his guideline range of 100 to 120 months. The District Court was engaged in these arguments, asking questions and pointing out various details regarding these convictions. It was not persuaded, however, and explained that the extensiveness of Tirado's criminal history, his lack of remorse, and his contempt for authorities weighed in favor of imposing the statutory maximum of ten years in order to protect the public and to deter further criminal conduct. This explication, contrary to Tirado's assertion, is sufficient to demonstrate that the Court exercised its discretion only after weighing the § 3553(a) factors and considering the purposes for imposing a sentence. In light of this explanation, we find that the District Court's sentence is not unreasonable, and we will affirm its judgment.