AO 243 (Rev. 5/85)  **MOTION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR CORRECT**
SDNY Web 5/99  **SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court | District |
|---|---|

| Name of Movant | Prisoner No. | Case No. |
|---|---|---|
| Antonio Tirado | 20189-068 | 04-4 |

| Place of Confinement |
|---|
| FCI Allenwood/ Whitedeer PA, 17887-2000 |

FILED
DEC 26 2007
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA     V.     Antonio Tirado

(name under which convicted)

**MOTION**

1. Name and location of court which entered the judgment of conviction under attack __United States District Court for the Western Distrcit of Pennslyvania__

2. Date of judgment of conviction __May 21st, 2004__

3. Length of sentence __120 months__

4. Nature of offense involved (all counts) __922(g)(1) Possession of a firearm by a convicted Felon__

5. What was your plea? (Check one)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

6. If you pleaded not guilty, what kind of trial did you have? (Check one)
   (a) Jury ☒
   (b) Judge only ☐

7. Did you testify at the trial?
   Yes ☒  No ☐

8. Did you appeal from the judgment of conviction?
   Yes ☒  No ☐

AO 243 (Rev. 5/85) SDNY Web 5/99

9. If you did appeal, answer the following:

   (a) Name of court __U.S Court of Appeals for the 3rd Circuit__

   (b) Result __Affirmed conviction and remand for resentencing__

   (c) Date of r..... __SEPTEMBER 13, 2005__

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?
Yes ☒   No ☐

11. If your answer to 10 was "yes," give the following information:

   (a) (1) Name of court __US Supreme Court__

      (2) Nature of proceeding __Writ of Cert__

      (3) Grounds raised __(GROUNDS NOT AVAILABLE)__

      (4) Did you receive an evidentiary hearing on your petition, application or motion?
Yes ☐   No ☒

      (5) Result __Denied__

      (6) Date of result __April 5, 2007__

   (b) As to any second petition, application or motion give the same information:

      (1) Name of court __N/A__

      (2) Nature of proceeding __N/A__

      (3) Grounds raised __N/A__

AO 243 (Rev. 5/85) SDNY Web 5/99

    (4) Did you receive an evidentiary hearing on your petition, application or motion?
        Yes ☐    No ☒

    (5) Result __N/A__

    (6) Date of result __N/A__

(c) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion?
    (1) First petition, etc.    Yes ☒    No ☐
    (2) Second petition, etc.    Yes ☐    No ☒

(d) If you did not appeal from the adverse action on any petition, application or motion, explain briefly why you did not:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12. State *concisely* every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

    For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you may have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based your allegations that you are being held in custody unlawfully.
    Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of the grounds.
(a) Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b) Conviction obtained by use of coerced confession.

AO 243 (Rev. 5/85) SDNY Web 5/99

(c) Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d) Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e) Conviction obtained by a violation of the privilege against self-incrimination.
(f) Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g) Conviction obtained by a violation of the protection against double jeopardy.
(h) Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impanelled.
(i) Denial of effective assistance of counsel.
(j) Denial of right of appeal.

A. Ground one: INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MR. TIRADO'S SIXTH AMENDMENT RIGHTS...

Supporting FACTS (state *briefly* without citing cases or law) SHOULD PETITIONER'S COURT APPOINTED ATTORNEY BE DEEMED INEFFECTIVE WHERE COUNSEL PERMITTED PETITIONER TO BE CONVICTED OF A FIREARM OFFENSE, WHERE THE GOVERNMENT CONCLUSIVELY FAILED TO PROFFER TANGIBLE EVIDENCE THAT PETITIONER WAS EVER IN POSSESSION OF THE FIREARM FOR WHICH PETITIONER WAS CONVICTED OF?

B. Ground two: INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MR. TIRADO'S SIXTH AMENDMENT RIGHTS...

Supporting FACTS (state *briefly* without citing cases or law) SHOULD PETITIONERS COURT APPOINTED ATTORNEY ALSO BE DEEMED INEFFECTIVE WHILE THE COUNSEL ALLOWED PETITIONER TO BE CONVICTED OF VIOLATING INTERSTATE COMMERCE DESPITE THE GOVERNMENTS FAILURE TO INTRODUCE TANGIBLE EVIDENCE THAT UNAMBIGUOUSLY SUGGEST HOW PETITIONER EVER VIOLATED COMMERCE?

C. Ground three: INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MR. TIRADO'S SIXTH AMENDMENT RIGHTS..

Supporting FACTS (state *briefly* without citing cases or law) SHOULD PETITIONER BE GRANTED AN EVIDENTIARY HEARING UPON HIS CLAIM THAT HIS COURT APPOINTED ATTORNEY PROVIDED HIM WITH INEFFECTIVE OF COUNSEL?

AO 243 (Rev. 5/85) SDNY Web 5/99

D. Ground four: INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MR. TIRADO'S SIXTH AMENDMENT RIGHTS..

Supporting FACTS (state *briefly* without citing cases or law) SHOULD PETITIONER BE GRANTED AN EVIDENTIARY HEARING ON HIS CLAIM OF ACTUAL INNOCENCE?

E Ground Five: INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MR. TIRADO'S SIXTH AMENDMENT RIGHTS...

SUPPORTING FACTS: SHOULD PETITIONER BE GRANTED AN EVIDENTIARY HEARING UPON HIS CLAIM THAT HIS COURT APPOINTED ATTORNEY PROVIDED HIM WITH INEFFECTIVE ASSISTANCE OF COUNSEL?

13. If any of the grounds listed in 12A, B, C, and D were not previously presented, state briefly what grounds were not so presented, and give your reasons for not presenting them: N/A

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐   No ☒

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing Thomas Patton ESQ; 1111 Renaissance Center 1001 State Street Erie PA, 16501

(b) At arraignment and plea Same as above

(c) At trial Same as above

(d) At sentencing Same as above

(6)

AO 243 (Rev. 5/85) SDNY Web 5/99

(e) On appeal ___Renee Pietropaolo ESQ  1450 Liberty Center 1001 Liberty Ave___

Pittsburg PA, 15222-3714

(f) In any post-conviction proceeding ___N/A___

(g) On appeal from any adverse ruling in a post-conviction proceeding ___N/A___

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes ☐   No ☒

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
Yes ☐   No ☒

(a) If so, give name and location of court which imposed sentence to be served in the future: ___N/A___

(b) Give date and length of the above sentence: ___N/A___

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?
Yes ☐   No ☒

Wherefore, movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

_12-17-07_
(date)

_Antonio Tirado_
Signature of Movant

(7)

## In support of motion filed pursuant to 2255 under 28 U.S.C

### Legal discussion

1.) In <u>U.S. vs Strickland</u>, 466 U.S. 668, 104 S.ct. 2025, 80. L.Ed.2 674..., The U.S. Supreme Court promulgated (2) prongs that are essential in determining what constitutes ineffective assistance of counsel. (1), that counsel's performance was deficient, which requires a showing that counsel did not function as counsel guaranteed by the "sixth amendment"; and (2) that the deficient performance prejudiced the defense which requires a showing that counsel's error's were so serious as to deprive one of a fair outcome, and that counsel's performance fell below an objective standard of reasonableness.

In the case at bar, petitioner's trial attorney was ineffective, for instance, counsel should have never allowed the government to introduce evidence concerning a handgun that was obtained in violation of the (4th) amendment, illegal search and seizure, petitioner was initially being purused by law enforcement officials concerning a warrant for parole violation, surrounding petitioner's allegedly having an illegal drug substance present in his urinalysis test that was conducted by parole and probation officials...

The warrant that was issued for petitioner's arrest specifically stated any law enforcement officer was authorized to place petitioner under arrest for a parole violation matter, and what the warrant conclusively failed to specifically state was that law enforcement is hereby ordered to conduct a search whereever petitioner was apprehended

If a warrant does verbatimly suggest that petitioner, wherever arrested should be seized and the area surrounding his arrest, then the properly executed warrant is not in conflict with the (4th) amendment, providing that probable cause existed for a search, but if the warrant specifically conveys one thing and law enforcement performs contrary to the warrant's direction then law enforcement has run afoul of the (4th) amendment...,

Flagrant disregard for the specificity of a warrant required suppression of all found, SEE U.S.vs. Foster, 104 F.3d 1228 (10th cir.1996). It is transparent that the police officers who arrested petitioner did not possess probable cause to search the dwelling where petitioner was arrested, when police officer's arrested petitioner at the home of Ms. Vega. There was no illegal contraband in plain view which would constitute the police officers involved in petitioner's arrest to request from Ms. Vega to search her home, there was no probable cause for the officer's to request a search warrant from the court, because no contraband was ever in the officer's plain view. The search of the dwelling lacked exigent circumstance's for the search to be legal and upheld. SEE U.S vs. Santa, 236 F.3d 325 (6thcir2001)

In U.S.vs. Kiyuyung, 171 F.3d 78 (2ndcir1999) the appellant court determined that firearm found during warrantless search were not in plain view and required suppression. Petitioner's court appointed counsel provided petitioner with ineffective assistance of counsel, when counsel failed to function as counsel guaranteed by the sixth amendment...

Petitioner's counsel had a fiduciary duty to make certain that petitioner's due process rights were not violated. The government was permitted to convict petitioner even though the police officers

-2-

who arrested petitioner did not have a search warrant to search the dwelling in which petitioner was arrested.

And it is well settled in American Jurisprudence that any contraband yielded from a search that the (4th) amendment condems illegal must be suppressed. SEE: <u>Kiyuyune SU PRA</u>, also SEE:<u>Flippo vs. West Virginia</u> 528 U.S 11 (1999),and petitioner's court appointed attorney failed to present applicable case law proving this fact,thus compelling counsel to be ineffective,compelling petitioner to satisfy both prongs discussed in <u>Strickland SU PRA</u>...Because petitioner's court appointed counsel was deficient where he failed to have the firearm suppressed due to the illegal search and seizure.

Additionally,petitioner's court appointed counsel deficiency prejudiced petitioner to where petitioner received an unfair outcome in the proceedings,petitioner did receive an unfair outcome when he was convicted of a firearm that should have been supressed due to the police obtaining the firearm in violation of the (4th) amendment.

## Legal Discussion

2.) In <u>U.S. vs Spinner</u>,180 F.3d 514 (3rdcir1999), the third circuit court of appeals determined that an indictment is deficient if the indictment failed to allege element of interstate commerce.

In the case at bar,the government committed reversible error where it charged and indicted petitoner for violating interstate commerce for being in possession of a firearm,but failed in the indictment to expound upon how petitioner's alledgedly being in possession of a firearm violates interstate commerce in a foreign

or domestic, thus compelling petitioner to be factually and actually innocent of violating interstate commerce. SEE: <u>Waucaush vs US</u>, 380 F.3d (6thcir2004).

IN <u>US vs. Johnson</u>, 246 F.3d 749 (5thcir2001), the appellant court there as well as in other circuits, that a plea lacked factual basis for a connection to interstate commerce. Petitioner unintelligently entered a plea to a crime that was not a crime. Petitioner's alledgedly being in possession of a firearm does not violate interstate commerce in no way, and the government conclusively failed to demonstrate via its indictment what elements constitute petitioner's satiating the criteria that would quailify one to be charged or indicted with violating interstate commerce because there was no nexus between the firearm and interstate commerce. SEE: <u>US vs. Izvdore</u>, 167 F3d 213 (5thcir1999)...and since no nexus could not and was not ever established by the government, petitioner is actually innocent of the crime of violating interstate commerce. SEE: <u>Montano vs US</u>, 381 F.3d 1265 (11thcir2004). SEE: <u>US vs Gaydos</u>, 108 F3d 505 (3rdcir1997).

It is unambiguous from a legal standpoint that pettioner is actually and factually innocent of the interstate offense, and petitioner should not have been convicted of violating interstate commerce, simply because petitioner was not an applicable canidate to be charged, convicted, or sentenced for this offense, and since interstate commerce and the firearm offense were and still are "interwined", thus being the nexus of each other, petitioner's plea and conviction should be vacated due to the government's charging pettioner with an offense that was not a crime, thus compelling petitioner's court appointed counsel

to be ineffective where counsel permitted petitioner to enter a plea of guilt to an offense that was not a crime, petitoner has again satisfied both prongs discussed in Strickland SU PRA. Petitioner's court appointed counsel was deficient when counsel failed to prevent the government and the District Court from charging, convicting and sentencing petitioner for a crime that petitioner was and still is factually and actually innocent of.

Additionally, petitioner's court appointed counsel deficient performance prejudiced petitioner to such a degree that petitioner received an unfair outcome in the judicial proceeding, petitioner infact received an unfair outcome when he was sentenced for a crime he did not commit, despite the government knowing in advance the crime it allowed petitioner to be sentenced for was not a crime in petitioner's case.

Petitioner has unambiguously made the resquisite Prima Facie showing that he should be entitled to an evidentiary hearing on his claim that his court appointed attorney was constitutionally ineffective, where counsel did not adequately attack the search and seizure, and the specificity of the warrant for which was issued for petitioner's arrest. In additin to petitioner's actual innocence.

In a system of justice that announces loudly to the world, especially foreign nations without parallelled democracy of how we Americans pride ourselves on living up to the obligation of the rule of law. if this is true, then in petitioner's case, the government receives a failing grade for willfully, knowingly, and systematically, trampling over petitioner's right to due process of law, where the federal

courts are suppose to be the ultimate protectors of democracy and the U.S. constitution.

The manner in which American jurisprudence is currently being conducted is an hipocracy, and petitoner understands that he will have to be awful lucky, not lawfully entitled if he can induce this court to entertain his habeas petiton, for a prisoner's case such as petitoner's case is not of great importance to the court even where pertinent constitutional violatons are overwhelmingly present in the matter...

But the broad scope of how business is conducted in America's courts it is astonishing to witness justice take a sabbatical to vacation in shallow grave, while legitiamte and cognizable issues and petitions to the court get arbitorily denied, due to the judicial systems unnecessary but condesending nature, and its flat out refusal to respect individuals rights, and its own laws and rules which were promulgated to achieve a specific judicial objective, and assist the judicial system in its efforts to administer justice in a sane and fair manner.

Petitioner certainly means the system of American jurisprudence no disrespect, for American jurisprudence disrespects itself whenever it turns a blind eye to justice that is due.

### Reason for Granting Writ

It is axiomatic that petitioner bares the burden of proving via a preponderance of evidence that his trial counsel provided petitioner with ineffective assistance of counsel where it concerns

counsel's not effectively challenging the governments search and seizure violation where the police never had a warrant to commence a search of the dwelling in which petitioner was arrested. The police only possessed a warrant to seize petitioner person. The fourth amendment loudly announces that any evidence seized in violation of the (4th) amendment must be suppressed.

Petitioner also bares the burden of proving via a preponderance of evidence that his trial counsel was ineffective where counsel allowed petitioner to be charged,convicted,and sentenced of a crime that petitioner is factually and actually innocent of,and for the reasons cited herein the writ should be issued.

### Conclusion

Wherefore,petitoner Antonio Tirado respectfully request that this most Honorable Court grant petitioner an evidentiary hearing upon his (6th) amendment claim of ineffective assistance of counsel Additionally petitioner also request that this court permit petitioner to advocate his claim of how arresting police afficers violated the (4th) amendment illegal search and seizure,and if it ascertained via the requested evidentiary hearing that counsel was ineffective in the area's discussed herein,then petitioner request he be given a new trial,or that his sentence be reversed.

Respectfully Submitted
X_____

Antonio Tirado
Reg No.
FCI Allenwood
PO BOX 2000
WhiteDeer,PA 17887

# PROOF OF SERVICE

I certify that on _12-17-2007_ (date) I mailed a copy of this brief and all attachments via first class mail to the following parties at the addresses listed below:

ROBERT V. BARTH JR., DISTRICT CLERK
U.S. POST OFFICE AND COURT HOUSE
SEVENTH AND GRANT ST, RM 829
P.O. BOX 1805
PITTSBURGH, PA. 15230-1805

## PROOF OF SERVICE FOR INSTITUTIONALIZED OR INCARCERATED LITIGANTS

In addition to the above proof of service all litigants who are currently institutionalized or incarcerated should include the following statement on all documents to be filed with this Court:

I certify that this document was given to prison officials on _12-17-07_ (date) for forwarding to the DISTRICT COURT. I certify under penalty of perjury that the foregoing is true and correct. 28 U.S.C. §1746.

_Antonio Tirado_
Signature

Dated: _12-17-2007_

Rev. 09/05