IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 04-4 Erie |
| | ) | |
| ANTONIO TIRADO | ) | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION UNDER
28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

AND NOW comes the United States of America, by and through its counsel, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and states as follows:

**I.    BACKGROUND**

In October 2003, the defendant, Antonio Tirado, was found to be in possession of a firearm during a term of state-imposed supervision after his 1999 conviction for possession with intent to distribute a controlled substance and resisting arrest at Erie County Court of Common Pleas docket number 379 of 1999. Tirado was sentenced at that docket to one to two years of incarceration followed by four years of probation.

On July 25, 2003, the Pennsylvania Board of Probation and Parole (PBPP) accepted Tirado for special probation in accordance with the sentencing judge's request, and Tirado agreed to comply with the conditions governing his probation supervision. Pursuant to these conditions, Tirado was prohibited from owning or

possessing firearms or other weapons and from unlawfully possessing or selling controlled substances. In addition, Tirado consented to the search of his person, property, and residence without a warrant by Pennsylvania Board of Probation and Parole agents.

During the term of Tirado's probation, his probation agent received reliable information from a parolee, whom she was also supervising, that Tirado was selling crack cocaine to the parolee and that he was in possession of at least one firearm. Based on this information, Tirado's three prior positive drug tests, and an anonymous tip that Tirado was selling narcotics, probation agents, accompanied by members of the Erie Police Department, searched Mr. Tirado's approved residence. During the search, the probation agents found a .38 caliber Amadeo Rossi S.A., serial number W254626, Model M88 in a ceiling tile in the dining room of Tirado's apartment. Because Tirado is a felon who was found in possession of a firearm, an agent from the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) responded to the scene. After waiving his *Miranda* rights, Tirado admitted to the ATF agent that the .38 caliber revolver was his.

Tirado was indicted on January 13, 2004, for being a felon in possession of a firearm, a violation of Title 18, United States Code, Section 922(g)(1). Represented by Assistant Public Defender Thomas Patton, Tirado filed a motion to suppress in which he argued that the search of his residence was illegal, and any

2

evidence obtained as a result of the search, including the firearm and his statements, should be suppressed. After a hearing, this Court denied the defendant's motion to suppress, finding that the probation agents had reasonable suspicion to conduct the search. The case proceeded to a jury trial, and at the conclusion of the government's case in chief, Attorney Patton made an oral motion for acquittal, acknowledging the current state of the law, but nevertheless arguing, that the government had failed to establish an interstate commerce connection. This Court denied the motion, and the jury found Tirado guilty on May 21, 2004. This Court sentenced Tirado to a term of 120 months of imprisonment, followed by 3 years of supervised release.

Represented by Assistant Public Defender Renee Pietropaolo, the defendant appealed. On appeal, Tirado challenged the search of his residence by arguing that the agents lacked reasonable suspicion. He also argued that § 922(g) is facially unconstitutional or that it must be interpreted in a manner consistent with the limits of Congress's power under the Commerce Clause. Stated more plainly, in order to be constitutional, he argued that § 922(g) must require more of an effect on interstate commerce than the fact that a firearm crossed state lines at some point. The Third Circuit affirmed the conviction, finding that the warrantless search of Tirado's residence was supported by reasonable suspicion. The Third Circuit also rejected Tirado's

Commerce Clause argument. However, the court remanded the case for resentencing pursuant to <u>Booker</u>. <u>United States v. Tirado</u>, 133 Fed.Appx. 13 (3d Cir. 2005) (<u>Tirado I</u>).

On September 15, 2005, Tirado was resentenced by this Court to a term of 120 months of imprisonment, followed by 3 years of supervised release. Again, represented by Attorney Pietropaolo, Tirado appealed. This time, Tirado argued that his sentence was unreasonable because this Court failed to respond to his arguments, failed to state its reasons for the sentence imposed, gave presumptive weight to the guidelines, and imposed a sentence that was greater than necessary to meet the purposes of sentencing. The Third Circuit affirmed, finding that this Court gave a sufficient explanation to demonstrate that it exercised its discretion only after weighing the § 3553(a) factors and considering the purposes for imposing a sentence. <u>United States v. Tirado</u>, 203 Fed.Appx. 419 (3d Cir. 2006) (<u>Tirado II</u>).

Currently before the Court is the defendant's motion to vacate wherein he alleges two instances of ineffective assistance of trial counsel. The defendant's assertions are without merit.

## II.    <u>STANDARD OF REVIEW</u>

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside, or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper

4

jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Relief is "generally available only in 'exceptional circumstances' to protect against a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." United States v. Gordon, 979 F.Supp. 337, 339 (E.D. Pa. 1997) (citing Hill v. United States, 368 U.S. 424, 428 (1962)).

The court may dispose with the necessity of a hearing if the motion and the files and records "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See also, United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994)(quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).

**III. ARGUMENT**

**A.   Ineffective assistance for failure to challenge search and subsequent seizure of firearm.**

Tirado argues that Attorney Patton was ineffective for allowing the government to introduce evidence concerning a handgun that was obtained via an illegal search and seizure in violation of the Fourth Amendment. (Def. Motn., p. 1). It appears that Tirado is arguing that the search and seizure were illegal because the arresting officers did not have a search warrant and they were not permitted to conduct a search pursuant to an arrest warrant. (Def. Motn., p. 1-3).

A defendant claiming ineffective assistance of counsel

must satisfy the two-pronged test announced by the Supreme Court in
Strickland v. Washington, 466 U.S. 668 (1984). To do so, the
defendant must show "(1) his or her attorney's performance was,
under all the circumstances, unreasonable under prevailing
professional norms, and (2) there is a 'reasonable probability
that, but for counsel's unprofessional errors, the result would
have been different.'" United States v. Day, 969 F.2d 39, 42 (3d
Cir. 1992)(quoting Strickland, 466 U.S. at 687-96). "A reasonable
probability is a probability sufficient to undermine confidence in
the outcome." Id.

        Review of an ineffective assistance claim begins with a
"strong presumption" that counsel's performance was reasonable.
Strickland, 466 U.S. at 689. "The defendant must overcome the
presumption that, under the circumstances, the challenged action
'might be considered sound trial strategy.'" Id. at 689; United
States v. Kauffman, 109 F.3d 186, 189-90 (3d Cir. 1997). "It is []
only the rare claim of ineffective assistance of counsel that
should succeed under the properly deferential standard to be
applied in scrutinizing counsel's performance." United States v.
Gray, 878 F.2d 702, 711 (3d Cir. 1989).

        In Strickland, the Supreme Court set forth a two-part
test requiring the reviewing court to consider (1) whether defense
counsel's performance fell "below an objective standard of
reasonableness," thus rendering the assistance so deficient that

6

the attorney did not function as counsel as the Sixth Amendment guarantees, and (2) whether counsel's ineffectiveness prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687-88, 694. In order to meet his burden, Tirado must satisfy both of the Strickland prongs.

In explaining the defendant's burden under the "deficiency prong", the Supreme Court has admonished that "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689. Under the "prejudice prong", a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart v. Fretwell, 506 U.S. 364, 369 (1993). Accordingly, "an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Id.

Applying the Strickland test to Tirado's assertion of

ineffective assistance of counsel, it is clear that his assertion is without merit. Tirado argues that Attorney Patton was ineffective for failing to seek to have the firearm suppressed, but Attorney Patton did just what Tirado claims he should have done, and more – he filed a pre-trial motion to suppress the firearm that was the subject of the probation agents' search and seizure as well as any statements that Tirado made to law enforcement agents. (Doc. 15).

Recognizing the correct standard of law, Attorney Patton argued that absent a search warrant, the agents had to have reasonable suspicion to conduct the search of probationer Tirado's residence. (Doc. 15). After a hearing, this Court found that the agents did have reasonable suspicion to conduct the search without a search warrant and denied the motion to suppress filed by Attorney Patton. (Doc. 23).

And, the Third Circuit affirmed this Court's decision when the argument was again raised by Attorney Pietropaolo on direct appeal. Indeed, the Third Circuit did not even find it to be a "particularly close case", stating, "[i]n light of the anonymous tip that Tirado was selling illegal narcotics, and Tirado's positive drug tests before October 29, 2003, even were the informant's statements that Tirado possessed drugs and guns of modest overall reliability, they would have been enough of an addition to the totality of the circumstances calculus to support

a search of Tirado's residence pursuant to the reasonable suspicion standard." Tirado I, 133 Fed.Appx. at 17-18.

Thus, the issue that Tirado alleges should have been presented to this Court, was in fact submitted and decided by this Court as well as the Third Circuit. Neither court found any merit to the argument. Attorney Patton cannot be found ineffective for failing to raise an issue, when he did raise the issue and it was deemed to be meritless.

**B.  Interstate Commerce**

Tirado also argues that Attorney Patton was ineffective for failing to prevent the government and this Court from "charging, convicting, and sentencing [him] for a crime that [he] was and still is factually and actually innocent of" because his possession of a firearm did not violate interstate commerce. (Def. Motn., p. 3-5). Again, Tirado is arguing that Attorney Patton was ineffective for failing to object to an aspect of his case, when Attorney Patton did just what Tirado claims he should have done – he orally made a motion for acquittal at the close of the government's case-in-chief, arguing that the government had failed to establish a sufficient interstate commerce nexus. This Court denied the motion. (Doc. 50, p. 13).

This issue was also raised by Attorney Pietrapaolo on appeal. Addressing this argument in a footnote, the Third Circuit stated: "Tirado also challenges the enactment of § 922(g)(1) by

9

Congress as exceeding its authority under the Commerce Clause. Tirado concedes that this Court rejected a facial challenge to § 922(g) in *United States v. Singletary*, 268 F.3d 196 (3d Cir. 2001). He continues to raise this issue to preserve it for further appellate review. *Singletary* is binding precedent, and we will not discuss the constitutionality of § 922(g). *See* Third Circuit IOP 9.1." <u>Tirado I</u>, 133 Fed. Appx. at 14 n.1.

Thus, there is no merit to Tirado's assertion of ineffective assistance of counsel. Even though Third Circuit precedent squarely rejects the argument Tirado seeks to pursue, Attorney Patton nevertheless raised this issue thereby preserving it for appeal. And, the issue also was presented to the Third Circuit in Tirado's direct appeal. The Third Circuit refused to even discuss the issue since binding precedent has already rejected the argument. Therefore, Attorney Patton was not ineffective in his representation of Tirado.

C. **<u>Evidentiary Hearing</u>**

Lastly, Tirado seeks an evidentiary hearing on both of his claims of ineffective assistance of counsel. The government submits that it is not necessary to have a hearing. It is well settled that the court may dispose with the necessity of a hearing if the motion and the files and records "conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. <u>See also</u>, <u>United States v. Nahodil</u>, 36 F.3d 323, 326 (3d Cir. 1994)(quoting

United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).

Here, the record definitively shows that Tirado is not entitled to relief. His allegations of ineffective assistance are assertions that Attorney Patton failed to make motions and raise issues which the record conclusively shows that Attorney Patton did in fact make and raise. Therefore, there is no need to have an evidentiary hearing, and Tirado's motion to vacate should be denied.

**IV.  CONCLUSION**

Wherefore, the government submits that the defendant's motion to vacate should be denied.

Respectfully submitted,

MARY BETH BUCHANAN
United States Attorney


 /s/ Marshall J. Piccinini
MARSHALL J. PICCININI
Assistant U.S. Attorney
PA ID No. 56362

11