UNITED STATES DISTRICT COURT

FOR AND IN THE WESTERN DIVISION

FILED

APR 14 2008

CLERK U.S. DISTRICT COURT
EST. DIST. OF PENNSYLVANIA

UNITED STATES OF AMERICA,

v.

ANTONIO M. TIRADO

Defendant.

Case No. 04-4

MOTION PURSUANT TO 3582(c)(2) AND AMENDMENT 709 EFFECTIVE NOVEMBER 1, 2007

COMES NOW, **Antonio Tirado**, (Defendant) herein and files this it's "Motion Pursuant To 3582(c)(2) And Amendment 709 Effective November 1, 2007" and in support of the following shows this Honorable Court the same:

The Defendant having come before this Court was convicted in violation of federal law. The Defendant was subsequently sentenced to __120__ months of incarceration.

Most recently, a significant amount of litigation has arisen concerning application of the rules, and circuit conflicts have developed over the meaning terms in the commentary that define when prior sentences not separated by an intervening arrest are to be considered related if the sentences resulted from offenses that were consolidated for sentencing.

If prior sentences were for offenses that were <u>not</u> separated by an intervening arrest, the sentences are to be counted as

1

separate sentences unless the sentences (1) were for offenses that were named in the same charging document, or (2) were imposed on the same day. In either of these situations they are treated as a single sentence.

Here in this instant case matter, Paragraph 36, 37, 40 of the PSI incorrectly assessed the following points against the Criminal History Score. Specifically, Paragraph 36 and 37 were consolidated for sentencing. The Defendant received 2 points, as a result of 6 months probation for paragraph 36 in addition 6 months probation for paragrpah 37. The Defendant should have only received 1 point.

Moreover, in paragraph 40 the Defendant was charged with Count 2 and Count 4 after a plea agreement with the State. Court 1 and 4 were dismissed and the charges were consolidated for sentencing purposes. As a result, the Defendant received 3 points which were incorrectly assessed.

Second, the amendment (709) changes the probation criterion at §4A1.2(c)(1) from a term of "at least" one year to a term of "more" than" one year. Finally, the amendment resolves a circuit conflict over the manner in which non-listed offense is determined to be "similiar to" an offense listed at §4A1.2(c)(1) and (2).

In this case, the record is borne out by the facts that now the PSI was incorrectly counted against the Criminal History

---

Notably in paragraph 36 and 37 both sentences were consolidated for sentencing of the PSI which resulted in probation of (6) months on both consolidated charges in the instant matter. In the new, retroactive amendment, "709" it clearly states in part, "the amendment changes the probation criterion at §4A1.2(c)(1) from a term of "at least" one year. Here, paragraph 36 and 37 fails in that requirement.

in this case matter. As stipulated more fully the record supports those findings.

---

In a related issue, it appears from the record that the total criminal history was scored at 14. It should have been 13.

Finally, in paragraph 40 as stipulated more fully the aggregate sentence was 1-2 years. The Defendant was incorrectly assessed 3 points when both cases were consolidated for sentencing purposes. The longest sentence being 2 years.

For purposes of applying §4A1.1(a),(b), and (c), are concurrent use the aggregate sentence. In this case, the Defendant should have received only 1 point. The PSI was incorrectly scored.

If the government takes issues with these facts, than the Defendant has the right to request a hearing on this issue.

WHEREFORE ALL THE REASONS, the Defendant says that pursuant to the newly revised retroactive amendment from the National Sentencing Commission that the Defendant's PSI be corrected and lower the Criminal History Category.

This 8TH day of APRIL, 2008.

BY: _____ #20189-068

P.O. Box 2000
White Deer, PA 17887-2000

## CERTIFICATE OF SERVICE

I have this day deposited a true copy of the same "Motion Pursuant To 3582(c)(2) And Amendment 709 Effective November 1, 2007" into the U.S. mail with adequate postage attached thereon to:

> Marshall J. Piciccinni
> Assistant U.S. Attorney
> 100 State Street
> Erie, Pennsylvania 16507

This ___8TH___ day of ___APRIL___, 2008.

BY: _____  # 20189-068
    Antonio M. Tirado

P.O. Box 2000
White Deer, PA 17887-2000