IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 04-04 Erie |
| ) | |
| ANTONIO M. TIRADO ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION
PURSUANT TO 3582(c)(2) AND AMENDMENT 709
<u>EFFECTIVE NOVEMBER 1, 2007</u>

AND NOW comes the United States of America by its attorneys, Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, and Marshall J. Piccinini, Assistant United States Attorney for said district, and makes the following response to defendant's motion.

On April 14, 2008, the defendant filed a *pro se* motion seeking a reduction in his sentence based upon Amendment 709 to the Sentencing Guidelines, which deals with issues concerning the calculation of a defendant's criminal history score. Although the defendant is correct that Amendment 709 became effective on November 1, 2008, he is incorrect in assuming that it provides a basis for a sentencing modification for him. The defendant's motion should be summarily denied because Amendment 709 was not made retroactive and cannot provide a basis for relief under 18 U.S.C. § 3582(c)(2).

ARGUMENT

Title 18, United States Code, Section 3582(c)(2) provides:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, **if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission**.

18 U.S.C. § 3582(c)(2) (emphasis added).

In the policy statement found in § 1B1.10 of the Guidelines, the Sentencing Commission identified the amendments which may be applied retroactively pursuant to this authority, and articulated the proper procedure for implementing the amendment in a concluded case. On December 11, 2007, the Commission issued a revised version of § 1B1.10, which emphasizes the limited nature of relief available under 18 U.S.C. § 3582(c). Revised § 1B1.10(a), provides, in relevant part:

> (1) <u>In General</u>.—In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C.

> § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.

Subsection (c) provides as follows:

> (c) <u>Covered Amendments</u>. – Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, and 706 as amended by 711.

Thus, the Commission did **not** add Amendment 709 to the list of amendments stated in § 1B1.10(c) which may be applied retroactively. Recently in <u>United States v. Wise</u>, 515 F.3d 207 (3d Cir. 2008), the Third Circuit reaffirmed that "[a]s we have stated before, '[t]he language of the applicable sections could not be clearer: the statute directs the court to the policy statement, and the policy statement provides that an amendment not listed in subsection (c) may not be applied retroactively pursuant to 18 U.S.C. §3582 (c)(2).'" <u>Wise</u>, 515 F.3d at 221 (quoting <u>United States v. Thompson</u>, 70 F.3d 279, 281 (3d Cir. 1995). It appears that every circuit and district court to have addressed the issue of the retroactivity of Amendment 709 is in agreement that Amendment 709 is not retroactive and does not provide a basis for § 3582(c)(2) relief. See e.g., <u>United States v. Goodin</u>, 2008 WL 1006669, *2 (1st Cir. 2008); <u>Ellis v. U.S.</u>, 2008 WL 162155 (N.D. Ohio, 2008).

Accordingly, the defendant's Motion Pursuant to 3582(c)(2) and Amendment 709 Effective November 1, 2007 should be denied.

WHEREFORE, the government respectfully requests that without further hearing on the matter, the Court deny the defendant's request for a modification of sentence.

        Respectfully submitted,

        MARY BETH BUCHANAN
        United States Attorney


        s/ Marshall J. Piccinini
        MARSHALL J. PICCININI
        Assistant U.S. Attorney
        PA ID No. 56362