# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>ANTONIO TIRADO, )<br>)<br>Defendant. ) | Civil Action No. 07-351 Erie<br><br>Criminal Action No. 04-04 Erie |

## MEMORANDUM OPINION

McLAUGHLIN, SEAN J., J.

    Presently pending before the Court is a motion by Antonio Tirado to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

### I. BACKGROUND

    In September 2003, Tirado came under the supervision of the Pennsylvania Board of Probation and Parole (PBPP). Among the conditions of Tirado's parole were that he not use, possess, or sell controlled substances, or own or possess firearms. In addition, Tirado consented to the search of his person, property or residence without a warrant by the PBPP agents. See Hearing on Defendant's Motion to Suppress Transcript pp. 7-8 [Doc. No. 24]. During the six weeks Tirado was under supervision, his parole agent received repeated anonymous phone tips from a woman that he was selling drugs. In addition, Tirado tested positive for marijuana three times. After his third positive test, the agent and her supervisor determined that they would arrest Tirado, but had not yet set a date. In October 2003, Tirado's probation agent received information from a parolee, whom she was also supervising, that the parolee had traded his girlfriend's furniture and a handgun to Tirado for drugs.

    Based upon this information, as well as the three prior positive drug tests and the anonymous tips that Tirado was selling drugs, probations agents, accompanied by Erie Police Department officers, searched Tirado's approved residence and found a .38 caliber handgun behind the ceiling tiles in the living room. Tirado was subsequently indicted on January 13, 2004, for being a felon in possession of a firearm, in violation 18 U.S.C. § 922(g)(1). See [Doc. No. 1].

Tirado was represented by Assistant Public Defender Thomas Patton, who filed a motion to suppress on his behalf, arguing that the search of his residence was illegal, and that any evidence obtained as a result of the search, including the gun and his statements, should be suppressed. See Defendant's Motion to Suppress [Doc. No. 15]. Following a hearing, this Court denied the motion to suppress, finding that the agents had reasonable suspicion to conduct the search. See Hearing on Defendant's Motion to Suppress Transcript pp. 106-113 [Doc. No. 24].

The case proceeded to jury trial on May 20, 2004, and at the conclusion of the Government's case in chief, Attorney Patton made an oral motion for a judgment of acquittal, arguing that the Government had failed to establish an interstate commerce nexus. See Jury Trial - Day 2 Transcript p. 13 [Doc. No. 50]. This Court denied the motion, and Tirado was found guilty on May 21, 2004. See Jury Verdict [Doc. No. 38]. Tirado was subsequently sentenced by the Court on August 5, 2004 to 120 months of incarceration, followed by 3 years of supervised release. See Judgment [Doc. No. 45].

Soon after, Tirado appealed to the Third Circuit Court of Appeals, represented by Assistant Public Defender Renee Pietropaolo. On appeal, Tirado challenged the propriety of this Court's denial of his suppression motion. He also argued that § 922(g) was facially unconstitutional or that it must be interpreted in a manner consistent with the limits of Congress's power under the Commerce Clause. On May 23, 2005, in an unpublished decision, the Third Circuit affirmed Tirado's conviction. See United States v. Tirado, 133 Fed. Appx. 13 (3rd Cir. 2005) ("Tirado I"). The Third Circuit concluded that the warrantless search of Tirado's residence was supported by reasonable suspicion and rejected his Commerce Clause argument. Tirado I, 133 Fed. Appx. at 14 n.1 and 18. The Third Circuit remanded the case for resentencing however, pursuant to United States v. Booker, 543 U.S. 220 (2005). Tirado I, 133 Fed. Appx. at 18.

On September 15, 2005, this Court resentenced Tirado to 120 months imprisonment followed by 3 years of supervised release. See Judgment [Doc. No. 59]. Again, represented by Attorney Pietropaolo, Tirado appealed this sentence to the Third Circuit. He argued that the Court failed to respond to his arguments, failed to state its reasons for the sentence imposed, gave presumptive weight to the guidelines, and imposed a sentence that was greater than necessary to

2

meet the purposes of sentencing.  See United States v. Tirado, 203 Fed. Appx. 419, 421 (3rd Cir. 2006) ("Tirado II").  The Third Circuit affirmed the sentence, holding that this Court exercised its discretion only after weighing the § 3553(a) factors and considering the purposes for imposing a sentence.  Id.  The United States Supreme Court denied certiorari on April 2, 2007.  See Tirado v. United States, __ U.S. __, 127 S.Ct. 1920 (2007).

On December 26, 2007, Tirado timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.  See [Doc. No. 69].

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the court which imposed sentence to vacate, set aside or correct the sentence if it was imposed in violation of federal constitutional or statutory law, was imposed without proper jurisdiction, is in excess of the maximum authorized by law, or is otherwise subject to collateral attack.  28 U.S.C. § 2255.  The court may dispose with the necessity of a hearing if the motion, files and records "conclusively show that the prisoner is entitled to no relief."  28 U.S.C. § 2255.  See also United States v. Nahodil, 36 F.3d 323, 326 (3d Cir. 1994) (quoting United States v. Day, 969 F.2d 39, 41-42 (3d Cir. 1992)).  Upon consideration of Tirado's motion for relief, the government's response thereto, and the pleadings and documents of record, we conclude that no hearing is necessary and that Tirado's motion should be denied.

## III. DISCUSSION

Tirado asserts the following arguments in support of his Motion: (1) trial counsel was ineffective for allowing the Government to introduce evidence concerning a handgun that was obtained during an illegal search and seizure in violation of the Fourth Amendment, see Defendant's Brief in Support of Motion p. 1; and (2) trial counsel was ineffective for failing to prevent the Government and this Court from "charging, convicting, and sentencing [him] for a crime that [he] was and still is factually and actually innocent of" because his possession of the gun did not violate interstate commerce.  See Defendant's Brief in Support of Motion pp. 3-5.

Tirado's claims for ineffective assistance of counsel are based on the Sixth Amendment right to counsel, which exists "in order to protect the fundamental right to a fair trial."  Lockhart v. Fretwell, 506 U.S. 364, 368 (1993).  In considering Tirado's claims, we follow the Supreme

3

Court's two-pronged test as set forth in Strickland v. Washington, 466 U.S. 668 (1984). This test requires us to consider (1) whether defense counsel's performance fell "below an objective standard of reasonableness," thus rendering the assistance so deficient that the attorney did not function as "counsel" as the Sixth Amendment guarantees, see id., at 687-88, and (2) whether counsel's ineffectiveness prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." See id. at 694. See also Flamer v. State of Delaware, 68 F.3d 710, 727-28 (3d Cir. 1995). A "reasonable probability" is a probability "sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In explaining the defendant's burden under "prong one" of this test, the Supreme Court has admonished that "[j]udicial scrutiny of counsel's performance must be highly deferential" because "[i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Strickland, 466 U.S. at 689. Under the second prong, a criminal defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Lockhart, 506 U.S. at 369. Accordingly, "an analysis focusing solely on the mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." Id.; see also Flamer, 68 F.3d at 728.

Here, we find both of Tirado's claims are without merit. To the extent that Tirado claims Attorney Patton failed to file a motion to suppress, his ineffective assistance of counsel claim must fail because he did, in fact, file a motion to suppress and the Court denied it. See Defendant's Motion to Suppress [Doc. No. 15] and Hearing on Defendant's Motion to Suppress Transcript pp. 106-113 [Doc. No. 24]. Similarly, Tirado's contention that Attorney Patton failed to argue that the Government did not establish a sufficient interstate commerce nexus is equally unavailing. At the conclusion of the Government's case in chief, Attorney Patton specifically moved for a judgment of acquittal on this very ground:

• • •

4

> MR. PATTON: I move pursuant to Rule 29 for a judgment of acquittal. That the government has not proven every element, and would specifically argue that they have not proven sufficient nexus, not able to identify that Mr. Tirado himself possessed the gun at any time. I understand that the Third Circuit has ruled on that specific argument, but I would like to preserve it for appeal.
>
> THE COURT: It's denied.
>
> • • •

See Jury Trial - Day 2 Transcript p. 13 [Doc. No. 50]. Because counsel challenged both issues, it follows that Tirado cannot demonstrate counsel's deficient performance or prejudice with respect to these claims. We shall therefore deny Tirado's motion with respect to these claims.[1]

### IV. Conclusion

Based upon the foregoing, Tirado's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 shall be denied. In addition, no certificate of appealability will be issued, as Tirado has not made a substantial showing of the denial of any constitutional right. See 28 U.S.C. § 2253(c). An appropriate Order follows.

---

[1] To the extent that Tirado is challenging the substantive rulings relative to the suppression issues and the interstate commerce clause, he may not do so in this § 2255 motion. As set forth above, both issues have been decided, adversely to him, on direct appeal. "A defendant may not re-litigate claims on a § 2255 motion that were previously decided on the merits on direct appeal, absent newly discovered evidence or a significant change in factual or legal circumstances of the case since the prior consideration." Cuartas v. United States, 2008 WL 4890762 at *3 (D.N.J. 2008).

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Civil Action No. 07-351 Erie |
| | ) | |
| v. | ) | Criminal Action No. 04-04 Erie |
| | ) | |
| ANTONIO TIRADO, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

AND NOW, this 3rd day of February, 2009, for the reasons set forth in the accompanying Memorandum Opinion, IT IS HEREBY ORDERED THAT Petitioner Antonio Tirado's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody [Doc. No. 69] is DENIED and the motion is DISMISSED.

IT IS FURTHER ORDERED THAT, pursuant to 28 U.S.C. § 2253(c), no certificate of appealability shall be issued, as Tirado has not made a substantial showing of the denial of a constitutional right.

                                                s/ Sean J. McLaughlin
                                                United States District Judge

cm: All parties of record.