# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal Action No. 04-04 Erie |
| | ) | |
| ANTONIO TIRADO, | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

McLAUGHLIN, SEAN J., J.

Presently pending before the Court is a motion filed by Antonio Tirado entitled "Motion Pursuant to 3582(c)(2) and Amendment 709 Effective November 1, 2007." For the reasons set forth below, Tirado's motion is denied.

On May 21, 2004, Tirado was convicted after a jury trial for being a felon in possession of a firearm, in violation 18 U.S.C. § 922(g)(1). See [Doc. No. 1] and Jury Verdict [Doc. No. 38]. He was subsequently sentenced by the Court on August 5, 2004 to 120 months of incarceration, followed by 3 years of supervised release. See Judgment [Doc. No. 45]. He appealed his conviction and sentence, and on May 23, 2005, the Third Circuit affirmed Tirado's conviction. See United States v. Tirado, 133 Fed. Appx. 13 (3rd Cir. 2005) ("Tirado I"). The case was remanded for resentencing however, pursuant to United States v. Booker, 543 U.S. 220 (2005). Tirado I, 133 Fed. Appx. at 18.

On September 15, 2005, Tirado was resentenced to 120 months imprisonment followed by 3 years of supervised release. See Judgment [Doc. No. 59]. His sentence was subsequently affirmed by the Third Circuit, see United States v. Tirado, 203 Fed. Appx. 419, 421 (3rd Cir. 2006) ("Tirado II"), and the United States Supreme Court denied certiorari on April 2, 2007. See Tirado v. United States, __ U.S. __, 127 S.Ct. 1920 (2007).

On December 26, 2007, Tirado filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. See [Doc. No. 69]. This motion was denied by the Court on February 3, 2009. See Memorandum Opinion and Order [Doc. No. 77].

While Tirado's § 2255 motion was pending, he filed the instant Motion for a reduction of

his sentence pursuant to 18 U.S.C. § 3582(c)(2) on April 14, 2008, in which he seeks to reduce his sentence due to a later amendment to the United States Sentencing Guidelines ("U.S.S.G."). See Motion [Doc. No. 75]. The Government has filed a Brief in opposition and the matter is now ripe for our determination.

Tirado's Motion is based upon Amendment 709, which took effect on November 1, 2007 and changed the way multiple prior sentences are counted in computing a defendant's criminal history under the Guidelines. See U.S.S.G. § 4A1.2(a)(2) (eff. Nov. 1, 2007). Section 3582(c)(2) allows a court to modify a previously imposed sentence when the Sentencing Commission lowers a sentencing range that was used to determine the defendant's sentence and a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(2); United States v. Wise, 515 F.3d 207, 221 (3rd Cir. 2008). Under the applicable Sentencing Commission policy statement, a sentence reduction pursuant to § 3582(c)(2) is only authorized if the amendment is listed in U.S.S.G. § 1B1.10(c). See U.S.S.G. §§ 1B1.10(a) and 1B1.10(c). The most recent revision of subsection (c) provides as follows:

> (c) Covered Amendments. – Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

See U.S.S.G. § 1B1.10(c). Amendment 709 is not included in the list of amendments set forth in § 1B1.10(c) which may be applied retroactively. In addition, the Third Circuit recently held that Amendment 709 may not be applied retroactively. See United States v. Wood, 526 F.3d 82, 88 (3rd Cir. 2008) (holding that the amended versions of § 4A1.2(a)(2) effect a substantive change and may not be applied retroactively), cert. denied, __ U.S. __, 129 S.Ct. 308 (2008); United States v. Archer, 282 Fed. Appx. 164, 169 (3rd Cir. 2008) (holding that Amendment 709 was not given retroactive effect pursuant to U.S.S.G. § 1B1.10(c)), cert. denied, __ U.S. __, 129 S.Ct. 153 (2008); United States v. Russell, 2008 WL 5265747 at *2 (3rd Cir. 2008) (holding that Amendment 709 is not retroactively applicable to defendant's pre-amendment sentence); United States v. Russell, 2008 WL 2011909 at *1 (W.D.Pa. 2008) (holding that Amendment 709 did not provide a basis for a sentence reduction under § 3582(c)(2) since it was not one of the listed

2

amendments identified as one that may be applied retroactively); <u>United States v. Muhammed</u>, 2008 WL 4190786 at *4 (D.N.J. 2008) (holding that because Amendment 709 was not listed in subsection (c) of the relevant policy statement, the court could not consider the effect of the amendment in a motion for relief filed pursuant to § 3582(c)(2)). Given the fact that Amendment 709 does not apply retroactively, Tirado is not entitled to relief. An appropriate Order follows.

AND NOW, this 3rd day of February, 2009, upon consideration of Antonio Tirado's "Motion Pursuant to 3582(c)(2) and Amendment 709 Effective November 1, 2007" [Doc. No. 75], and for the reasons expressed herein;

IT IS HEREBY ORDERED that the Motion Pursuant to 3582(c)(2) and Amendment 709 Effective November 1, 2007 is DENIED.

                    s/ Sean J. McLaughlin
                    United States District Judge

cm: All parties of record.